J-S19020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARTIN ROUSE | : | |
| | : | |
| Appellant | : | No. 2282 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 23, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012569-2015

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED MAY 28, 2020**

Martin Rouse (Appellant) appeals from the judgment of sentence entered in the Philadelphia Court of Common Pleas following his jury convictions of conspiracy, robbery[1] and related offenses.  Appellant contends the trial court erred by denying a requested jury instruction; issuing a manifestly excessive and unreasonable sentence; and imposing probationary sentences for his theft by unlawful taking[2] convictions because they merged with the robbery convictions.  We agree with Appellant's merger claim, but conclude his remaining issues are waived.  Thus, we affirm in part, vacate in part, and remand for resentencing.

---

[1] 18 Pa.C.S. §§ 903(a), 3701(a)(1)(ii).

[2] 18 Pa.C.S. § 3921(a).

Between November 2009 and March 2013, Appellant and two co-conspirators, Curtis Smith and Dennis Holloman,[3] perpetrated a series of armed robberies and burglaries throughout the City of Philadelphia. In 2013, Holloman gave three written statements to police, admitting to the offenses and implicating Appellant and Smith. Trial Ct. Op., 3/14/19, at 12. Smith also gave a signed statement to police in October of 2013, admitting to his participation; Smith pleaded guilty to charges against him on May 16, 2014. *Id.*; *see also* N.T., 3/9/18, at 98.

On May 23, 2014, Philadelphia police arrested Appellant and charged him with numerous offenses at docket numbers CP-51-CR-0012569-2015 (Docket 12569), CP-51-CR-0012570-2015 (Docket 12570), CP-51-CR-0012571-2015 (Docket 12571), CP-51-CR-0012572-2015 (Docket 12572), and CP-51-CR-0012573-2015 (Docket 12573).[4] On December 11, 2017, the trial court granted the Commonwealth's motion to consolidate Appellant's cases.[5]

---

[3] Appellant and Holloman were jointly tried together before a jury. Holloman was likewise found guilty of robbery and related offenses. On direct appeal, this Court affirmed Holloman's judgment of sentence at ***Commonwealth v. Holloman***, 3115 EDA 2018 (unpub. memo.) (Pa. Super. 2020).

[4] On August 28, 2015, all charges were dismissed for lack of evidence at a preliminary hearing. On December 11, 2015, the Commonwealth re-filed the complaint and all of the charges were held for court.

[5] We note Appellant filed identical notices of appeal at every docket, each of which listed every docket number. Nevertheless, because the trial court formally consolidated the cases, ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), is not implicated. ***See id.*** at 977 (pursuant to Pa.R.A.P. 341(a),

2

The charges against Appellant and Holloman proceeded to a week and a half-long joint jury trial commencing March 5, 2018. Smith testified as a Commonwealth witness, but denied remembering anything about the statement he gave police or his guilty pleas. Holloman testified in his defense, disavowing the statements he gave to police because, he maintained, the statements were made under duress and the police detectives' coercion. Appellant did not testify, but presented one exhibit. On March 14, 2018, the jury found Appellant guilty of numerous offenses. The trial court summarized the evidence presented at trial as follows.

### I. Docket 12569: Stolen van

At Docket 12569, the jury found Appellant guilty of theft by receiving stolen property[6] (RSP) and conspiracy to commit theft by RSP. These charges arose from Appellant, Holloman, and Smith's theft of a van on June 27, 2011, which they used two days later in the armed robbery of a Sunoco gas station (Docket 12573). Police also determined the license plate found on the vehicle was itself stolen.

---

when single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed); *Commonwealth v. Creese*, 216 A.3d 1142, 1144 (Pa. Super. 2019) (to comply with *Walker*, each notice of appeal may contain only one docket number).

[6] 18 Pa.C.S. § 3925(a).

## II. Docket 12570: D&T Auto Body

At Docket 12570, Philadelphia Police determined the license plate on the van in Docket 12569 was stolen from D&T Auto Body (D&T) in Philadelphia on June 24, 2011.  A surveillance video of D&T "showed two individuals wearing masks and gloves broke into the front window of the shop, went through the office area, and went to a safe in which they took a license plate from that property."  N.T. 3/9/18, at 115.  Furthermore, an "office chair" from D&T was found outside, "partially down the street."  *Id.* at 28.  Holloman later told police, in a signed statement, that he, "the other person [sic], and [Smith] busted the window and went inside and found the safe and put it on a chair and rolled it down the street and put it in the van."  *Id.* at 51.  DNA found on this chair matched Appellant's DNA.  N.T., 3/9/18, at 75.  The jury convicted Appellant of burglary,[7] conspiracy to commit burglary, and theft by unlawful taking.

## III. Docket 12571: Second stolen van

At Docket 12571, the jury found Appellant guilty of theft by RSP and conspiracy to commit theft by RSP.  These charges arose from the theft of another van that was used in the robbery of a Quick Stop mini mart (Docket 12572).  *See* Trial Ct. Op., 3/14/19, at 5.

---

[7] 18 Pa.C.S. §§ 3502(a)(4).

4

## IV. Docket 12572: Quick Stop robbery

At Docket 12572, Appellant was charged with committing a robbery at a Quick Stop mini mart. Nancy Ann Dever testified at trial to the following: on the morning of June 19, 2011, she was working at the Quick Stop counting money from the register when three masked men entered the store. N.T., 3/6/18 at 82-84. One of the men jumped over the counter and threw Dever and her co-worker to the ground. *Id.* at 83-84. This man had a firearm, threatened them, and hit Dever in the head with the firearm. *Id.* at 83, 85-86. Meanwhile, one of the other masked men had also jumped over the counter, went into the office, and carried out a safe. *Id.* at 86, 89. The three men left in a white van. *Id.* at 90.

The Commonwealth presented a written statement Holloman gave to police, in which he admitted "he was the man who ran straight for the safe, while [Appellant] was the man who carried the gun." Trial Ct. Op. at 5 n.2.

The owner of Quick Stop, Morhaf Sheikh-Yousef, testified at trial to the following: the night before the robbery, he was at the store counting money, when Appellant, a regular customer, walked in and greeted him. N.T., 3/6/18, at 123, 128-29. Sheikh-Yousef placed the money in his safe. *Id.* at 130. After the robbery, he noticed that Appellant did not come to the store as often and acted "differently" when he did. *Id.* at 134-35. Sheikh-Yousef also watched the store's surveillance video of the robbery and identified the man who jumped over the counter and "carried the safe" as Appellant. *Id.* at 161.

5

Sheikh-Yousef emphasized, "The way how he jumped, you can say 100 percent that was him. . . . Because I know the guy. I seen him a million times at the store. I seen the way how he move [sic]." *Id.* at 161-62.

The jury found Appellant guilty of robbery, conspiracy to commit robbery, and theft by unlawful taking.

At this juncture, we note that on cross-examination, Sheikh-Yousef testified he had two prior convictions of theft by RSP, for offenses committed 19 or 20 years earlier, in 1998 or 1999. *See* N.T., 3/6/18, at 174. When asked about those convictions, Sheikh-Yousef stated,

> I just plead guilty for them because I didn't want to keep going to court. And somebody used to come and sell cigarette [sic]. And that's what happened. They got me in the case, so I plead guilty for two misdemeanors, and that's it. It was no big deal.

*Id.* at 175-76.

Based on this testimony, Appellant requested a jury instruction to "examine closely and carefully and receive with caution the testimony of [Sheikh-]Yousef," pursuant to Pennsylvania Standard Suggested Jury Instructions (Pa. SSJI) (Criminal) § 4.06. N.T., 3/13/18, at 5. Appellant reasoned that Sheikh-Yousef admitted "he committed perjury at another trial" by pleading "guilty under oath [to] two crimes that he did not commit." *Id.* The trial court refused to give this instruction, but granted "all of [Appellant's] other related jury instruction requests" relating to Sheikh-Yousef's credibility. Trial Ct. Op. at 45-46, *citing* N.T., 3/13/18, at 6-7. We note Appellant did not

6

raise any objection to the resulting jury charge while or after it was given. **See id.** at 168.

## V. Docket 12573: Sunoco Robbery

Appellant was charged at Docket 12573 for the robbery of a Sunoco gas station. A Sunoco employee, Rosemary McKernan, testified to the following at trial: on the morning of June 29, 2011, she noticed that "a white van pulled up outside." Trial Ct. Op. at 6, *citing* N.T., 3/8/18, at 14. Moments later, she heard a pop, and two men, wearing ski masks and gloves, came into the store holding guns. **Id.** at 11, 15. The men yelled, "Don't move. Get down," and demanded to know where the safe was. **Id.** One man commanded McKernan to open the safe and hit her in the back of her head with his gun. **Id.** at 12, 18-19. The men took $4,000 and two cases of cigarettes and left in the van. **Id.** at 18-19.

The Commonwealth also presented a statement Curtis Smith gave to police, in which he identified Appellant as the person who commanded McKernan to open the safe. N.T., 3/9/18, at 148.

The jury convicted Appellant of robbery, conspiracy to commit robbery, theft by unlawful taking, and firearms not to be carried without a license.[8]

---

[8] 18 Pa.C.S. § 6106(a)(1).

7

## VI. Sentencing

On May 25, 2018, the trial court sentenced Appellant to an aggregate term of 31 to 62 years' incarceration, to be followed by 27 years' probation. Trial Ct. Op. at 2 n.1. Appellant filed a counseled post-sentence motion on June 1, 2018, challenging the weight of the evidence and requesting reconsideration of his sentence.[9] On July 23, 2018, the trial court conducted a reconsideration hearing and imposed "a more lenient sentence." *Id.* Pertinent to Appellant's claims on appeal, at both Dockets 12572 (Quick Stop) and 12573 (Sunoco), the court imposed, sentences of imprisonment for each robbery count and consecutive sentences of probation for theft by unlawful taking counts.[10] Appellant did not file any post-sentence motion challenging the amended sentences, but instead filed a timely notice of appeal on July 28, 2018.

## VII. Analysis

Appellant presents three issues for our review:[11]

1. Did the trial court err in denying Appellant's request to charge the jury with Pennsylvania Standard Criminal Jury Instruction § 4.06?

2. Did the trial court err by issuing a sentence that is manifestly excessive and unreasonable?

---

[9] On June 4, 2018, Appellant also filed a *pro se* post-sentence motion.

[10] As we discuss *infra*, the face of each resentencing order for Dockets 12572 and 12573 is unclear as to the particular sentences to be imposed.

[11] We have reordered Appellant's issues for ease of review.

3. Did the trial court err by imposing probationary sentences for Theft by Unlawful Taking convictions where they merge with Robbery?

Appellant's Brief at 4.

In his first issue, Appellant contends the trial court erred in denying his request for a jury instruction on "certain testimony subject to special scrutiny," pursuant to the Pennsylvania Standard Criminal Jury Instruction Pa. SSJI (Criminal) § 4.06, with respect to the witness Sheikh-Yousef. Appellant argues this instruction is proper where a witness admits to perjuring himself in another proceeding. Appellant avers that in this trial, Sheikh-Yousef admitted to perjuring himself when he testified he previously pleaded guilty under oath, but "he was actually innocent and only pled guilty so that he did not continue going to court." Appellant's Brief at 14-15. Appellant maintains Sheikh-Yousef's credibility was directly at issue and the trial court should have informed the jury to weigh his testimony with special scrutiny.

As a prefatory matter, we consider whether Appellant has preserved any objection to the jury instructions. Pa.R.Crim.P. 647(C) provides in pertinent part: "No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto **before the jury retires** to deliberate." Pa.R.Crim.P. 647(C) (emphasis added). Under Rule 647(C), the failure to object or take exception to a jury instruction before the jury retires to deliberate results in waiver of review of the instruction. ***Commonwealth v. Laird***, 988 A.2d 618, 646 (Pa. 2010). ***See also***

9

***Commonwealth v. Cosby***, 224 A.3d 372, \_\_\_, 2019 WL 6711477 at \*\* 37-38 (Pa. Super. Dec. 10, 2019) (party's "objections at the charging conference were not sufficient to preserve his challenge to the consciousness-of-guilt jury charge issued by the trial court because he did not also object when the charge was given to the jury").

After the trial court charged the jury, Appellant raised no objection. ***See*** N.T., 3/13/18, at 165. Furthermore, when the court inquired, "Any objection to sending back the charges if [the jurors] ask?," Appellant's counsel responded, "No, Your Honor." ***Id.*** at 166. Therefore, Appellant has waived this issue for failing to object to the instructions as given. ***See*** Pa.R.Crim.P. 647(C); ***Laird***, 988 A.2d at 646.

Moreover, even if this claim were reviewable, it would be meritless. This Court has stated:

> When reviewing a challenge to part of a jury instruction, we must review the jury charge as a whole to determine if it is fair and complete. A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration. The trial court commits an abuse of discretion only when there is an inaccurate statement of the law.

***Commonwealth v. Baker***, 963 A.2d 495, 507 (Pa. Super. 2008) (citation omitted). A "refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal." ***Id.*** (citation omitted).

In the present case, the trial court reasoned:

> The "special scrutiny" jury instruction in question states: "You should examine closely and carefully and receive with caution the

testimony of [*name of witness*] [any witness] if you find that he or she . . . [admitted that he or she committed perjury at another trial] [*give specific situation*]." Certain Testimony Subject to Special Scrutiny, Pa. SSJI (Criminal) § 4.06.

\* \* \*

. . . The trial court refused this specific instruction. However, at the same time, the court accepted and included all of [Appellant's] other related jury instruction requests: for an impeachment by prior conviction instruction for Sheikh-Yousef, an inconsistent statement instruction for Sheikh-Yousef, a ***Kloiber***[12] instruction for Sheikh-Yousef, a general standard conflicting testimony instruction, and a general "false in one, false in all" instruction. [T]hese instructions sufficiently covered the credibility of the witnesses and therefore, a special scrutiny instruction was not required. . . .

Trial Ct. Op. at 44-45 (record citations omitted). We further note the court

instructed the jury:

You have heard evidence that one of the witnesses, Mr. Yousef, has been convicted of the crime of theft by receiving stolen property on two separate occasions. The only purpose for which you may consider this evidence of prior conviction is in deciding whether or not to believe all, or part, of his testimony.

In doing so, you may consider the type of crime committed, how long ago it was committed, and how it may affect the likelihood that he testified truthfully in this matter.

N.T., 3/13/18, at 159. On appeal, Appellant does not address or refute the

trial court's reasoning above. Furthermore, because he could not establish he

---

[12] "A ***Kloiber*** charge instructs the jury that an eyewitness' identification should be viewed with caution where the eyewitness: (1) did not have an opportunity to clearly view the defendant; (2) equivocated on the identification of the defendant; or (3) had a problem making an identification in the past." ***Commonwealth v. Harris***, 884 A.2d 920, 932-33 (Pa. Super. 2004) (citation omitted).

was prejudiced by the absence of this particular jury instruction, when considered in the context of the jury charge as a whole, he would not be entitled to relief. *See Baker*, 963 A.2d at 507.

In his second issue, Appellant argues the trial court abused its discretion by issuing a sentence, at Docket 12570 (D&T), that is manifestly excessive and unreasonable.[13] Appellant claims the trial court failed to consider the sentencing guidelines for his burglary and conspiracy to commit burglary convictions, and the court sentenced him outside the guidelines without providing a written justification. Appellant's Brief at 18-19. Appellant also avers "the trial court did not sufficiently consider all relevant factors in fashioning [his] sentence," and failed to state reasons for running his sentences consecutively. *Id.* at 21-22.

Appellant challenges the discretionary aspects of his sentence. Such a claim is not reviewable as of right. *Commonwealth v. Tejada*, 107 A.3d 788, 797 (Pa. Super. 2015). We must first review whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Id.* at 797-98 (citation omitted). "[T]he trial court must be given the opportunity to reconsider the imposition of the sentence either through the

---

[13] Appellant does not challenge the discretionary aspects of the sentences imposed under the other dockets.

defendant raising the issue at sentencing or in a post-sentence motion. The failure to do so results in waiver of those claims." ***Id.*** at 798 (citations omitted). ***See also*** Pa.R.Crim.P. 720(B)(1)(a) ("All requests for relief from the trial court shall be stated with specificity and particularity, and shall be consolidated in the post-sentence motion[.]").

Here, although Appellant filed a post-sentence motion following his initial sentencing on May 25, 2018 — which precipitated the court's resentencing — he did not raise any challenge to the amended sentence imposed on July 23rd. Thus, Appellant failed to preserve the instant claim and has waived it for our review. ***See Tejada***, 107 A.3d at 797-98. No relief is due.

Lastly, Appellant avers the trial court erred, at Dockets 12572 and 12573, by imposing probationary sentences for his theft by unlawful taking convictions because they merged with his robbery convictions. The trial court agrees that the sentences merge and requests the two probation sentences be vacated. Trial Ct. Op. at 46-47.

Preliminarily, we note that although Appellant did not object to the court's resentencing orders, a claim that sentences should have merged goes to the legality of sentence and thus is non-waivable. ***See Commonwealth v. Jenkins***, 96 A.3d 1055, 1056 & n.1 (Pa. Super. 2014). Our standard of review for a legality of sentence challenge "is *de novo* and the scope of our review is plenary." ***Id.*** at 1056.

13

We agree with the trial court's reasoning that the robbery and theft by unlawful taking convictions merged for sentencing purposes:

> For both [Dockets 12572 and 12573, Appellant] was convicted of both robbery with a threat of serious bodily injury . . . and theft by unlawful taking .  . Merger is appropriate when the crimes arise from a single act and all the statutory elements of one are included within the statutory elements of the other. [**Jenkins**, 96 A.3d at 1056 (discussing 42 Pa.C.S. § 9765)]. . . . Pennsylvania case law has consistently held that these two crimes should merge, as the robbery statute requires the subject to be "in the course of committing a theft."  18 Pa. C.S.A. § 3701; **see**, **e.g.**, [**Jenkins**, 96 A.3d at 1056.]

**See** Trial Ct. Op. 46-47.

However, while the trial court requests this Court to simply vacate the sentences for theft by unlawful taking, we note that doing so would disrupt the entire sentencing scheme, which is comprised of numerous sentences of imprisonment and probation at five separate dockets.  **See Commonwealth v. Thur**, 906 A.2d 552, 569 (Pa. Super. 2006) ("If our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan.").  Furthermore, Appellant avers "there is a discrepancy in the calculation of the aggregate sentence," possibly arising from the miscalculation of whether some sentences were to run consecutively or concurrently.  Appellant's Brief at 23.  **See also** Trial Ct. Op. at 1-2 (stating aggregate amended sentence is 21 to 42 years' imprisonment to be followed by **38** years' probation); Commonwealth's Brief at 9 (aggregate amended sentence is 21 to 42 years' imprisonment to be followed by **28** years'

probation).[14] Appellant contends he "has filed a Motion to Correct Sentence with the trial court and is waiting for a hearing." Appellant's Brief at 23.

Finally, we note the resentencing order for Docket 12572 (Quick Stop) states two different sentences for conspiracy to commit robbery and two different sentences for theft by unlawful taking.[15] Resentence Order, 7/23/18, Docket 12572. Additionally, the face of the resentencing order for Docket 12573 (Sunoco) states two different sentences for theft by unlawful taking.[16] Resentencing Order, Docket 12573, 7/23/18. In light of the foregoing, we vacate the judgment of sentence and remand for the trial court to reimpose sentence in accordance with our merger discussion, and to resolve any confusion as to the amended sentences imposed.

---

[14] Appellant's brief states, mistakenly, that his aggregate sentence upon resentencing was "8 to 16 years' incarceration plus probation." Appellant's Brief at 6.

[15] With respect to conspiracy, the first paragraph of the order stated the amended sentence was 8 to 16 years' imprisonment, while the lower portion of the order stated 10 years' probation (which, we note, was the original sentence imposed on May 25, 2018). Resentence Order, 7/23/18, Docket 12572.

With respect to theft by unlawful taking, the first paragraph stated the amended sentence was 5 years' probation, while the lower portion of the order stated 7 years' probation (the original sentence imposed on May 25, 2018). Resentence Order, 7/23/18, Docket 12572.

[16] The first paragraph stated the amended sentence was 5 years' probation, while the lower portion of the order stated 7 years' probation (the original sentence imposed on May 25, 2018). Resentence Order, 7/23/18, Docket 12573.

## VII. Conclusion

Appellant's claims concerning the jury instructions and discretionary aspects of sentencing issue are waived and thus do not merit relief. With regard to Appellant's merger claim, we vacate and remand for resentencing consistent with this Court's instructions.

Judgment of sentence affirmed in part and vacated in part. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/28/20